# Exhibit C

Proposed Final Judgment

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PAYWARD VENTURES, INC. (D/B/A KRAKEN); and<br><br>PAYWARD TRADING, LTD. (D/B/A KRAKEN),<br><br>　　　　　　　Defendants. | Case No. _____<br><br>**[PROPOSED] FINAL JUDGMENT** |

The Securities and Exchange Commission having filed a Complaint and Defendant Payward Ventures, Inc. (d/b/a Kraken) ("Payward Ventures") and Defendant Payward Trading, Ltd. (d/b/a Kraken) ("Payward Trading") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

　　(a)　Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants and any entity controlled by them are permanently restrained and enjoined from, directly or indirectly, offering or selling securities through crypto asset staking services or staking programs.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $14,950,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $100,000.00.  Pursuant to 15 U.S.C. § 77t(d), the Court further imposes a civil penalty against Defendant Payward Ventures in the amount of $10,950,000.00 and a civil penalty against Defendant Payward Trading in the amount of $4,000,000.00.  Defendants shall satisfy these obligations by paying thirty million dollars and no cents ($30,000,000.00) to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Payward Ventures, Inc. or Payward Trading, Ltd. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making said payments, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and

shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against any Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

Defendants Payward Ventures and Payward Trading shall pay the total of disgorgement, prejudgment interest, and civil penalties due of $30,000,000.00 in installments to the Commission according to the following schedule:

(1) $5,000,000.00 within three (3) days of entry of this Final Judgment, representing a portion of the disgorgement and prejudgment interest thereon for which both Defendants are liable jointly and severally;

(2) $3,750,000 within 90 days of entry of this Final Judgment, representing a portion of the disgorgement and prejudgment interest thereon for which both Defendants are liable jointly and severally;

(3) $3,750,000 within 180 days of entry of this Final Judgment, representing a portion of the disgorgement and prejudgment interest thereon for which both Defendants are liable jointly and severally;

(4) $3,750,000.00 within 270 days of entry of this Final Judgment as follows:

    a. $2,550,000.00, representing a portion of the disgorgement and prejudgment interest thereon for which both Defendants are liable jointly and severally;

    b. $900,000.00 to be paid by Defendant Payward Ventures, representing a portion of the civil penalty owed by it;

    c. $300,000.00 to be paid by Defendant Payward Trading, representing a portion of the civil penalty owed by it;

(5) $13,750,000.00 within 365 days of entry of this Final Judgment as follows:

    a. $10,050,000 to be paid by Defendant Payward Ventures, representing a portion of the civil penalty owed by it; and

          b. $3,700,000 to be paid by Defendant Payward Trading, representing a portion of the civil penalty owed by it.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendants Payward Ventures and Payward Trading shall contact the staff of the Commission for the amount due for the final payment.

    If Defendant Payward Ventures fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by Defendant Payward Ventures under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

    If Defendant Payward Trading fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments owed by Defendant Payward Trading under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after being served with a copy of this Final Judgment, the law firm of WilmerHale shall transfer the entire balance of any and all moneys received from Defendants Payward Ventures and Payward Trading, or held for the benefit of Defendants Payward Ventures and Payward Trading, to the Commission.  WilmerHale may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  WilmerHale also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

      Enterprise Services Center

      Accounts Receivable Branch

      6500 South MacArthur Boulevard

      Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents executed by Defendants Payward Ventures and Payward Trading and filed with the Court, in which Defendants, *inter alia*, consent to entry of this Final Judgment, are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____

                                            _____
                                              United States District Judge