1

2                          UNITED STATES DISTRICT COURT

3                        NORTHERN DISTRICT OF CALIFORNIA

4                            SAN FRANCISCO DIVISION

5

6    SECURITIES AND EXCHANGE COMMISSION,

7              Plaintiff,                            Case No. 22-cv-0588-JSC

8         v.

9    PAYWARD VENTURES, INC. (D/B/A KRAKEN);          [PROPOSED] FINAL JUDGMENT

10   and

11   PAYWARD TRADING, LTD. (D/B/A KRAKEN),

12             Defendants.

13

14        The Securities and Exchange Commission having filed a Complaint and Defendant

15   Payward Ventures, Inc. (d/b/a Kraken) ("Payward Ventures") and Defendant Payward

16   Trading, Ltd. (d/b/a Kraken) ("Payward Trading") (collectively, "Defendants") having

17   entered a general appearance; consented to the Court's jurisdiction over Defendants and the

18   subject matter of this action; consented to entry of this Final Judgment without admitting or

19   denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact

20   and conclusions of law; and waived any right to appeal from this Final Judgment:

21                                           I.

22        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

23   Defendants are permanently restrained and enjoined from violating Section 5 of the Securities

24   Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

25        (a)    Unless a registration statement is in effect as to a security, making use of any

26               means or instruments of transportation or communication in interstate

27               commerce or of the mails to sell such security through the use or medium of

28               any prospectus or otherwise;

[PROPOSED] FINAL JUDGMENT

1      (b)      Unless a registration statement is in effect as to a security, carrying or causing

2                to be carried through the mails or in interstate commerce, by any means or

3                instruments of transportation, any such security for the purpose of sale or for

4                delivery after sale; or

5      (c)      Making use of any means or instruments of transportation or communication in

6                interstate commerce or of the mails to offer to sell or offer to buy through the

7                use or medium of any prospectus or otherwise any security, unless a

8                registration statement has been filed with the Commission as to such security,

9                or while the registration statement is the subject of a refusal order or stop order

10                or (prior to the effective date of the registration statement) any public

11                proceeding or examination under Section 8 of the Securities Act [15 U.S.C.

12                § 77h].

13      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

14 Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

15 who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

16 Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in

17 active concert or participation with Defendants or with anyone described in (a).

18                                          II.

19      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to

20 Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants and any entity

21 controlled by them are permanently restrained and enjoined from, directly or indirectly,

22 offering or selling securities through crypto asset staking services or staking programs.

23      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

24 Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following

25 who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

26 Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in

27 active concert or participation with Defendants or with anyone described in (a).

28

1

III.

2          IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

3  Defendants are jointly and severally liable for disgorgement of $14,950,000.00, representing

4  net profits gained as a result of the conduct alleged in the Complaint, together with

5  prejudgment interest thereon in the amount of $100,000.00.  Pursuant to 15 U.S.C. § 77t(d),

6  the Court further imposes a civil penalty against Defendant Payward Ventures in the amount

7  of $10,950,000.00 and a civil penalty against Defendant Payward Trading in the amount of

8  $4,000,000.00.  Defendants shall satisfy these obligations by paying thirty million dollars and

9  no cents ($30,000,000.00) to the Securities and Exchange Commission pursuant to the terms

10 of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

11          Defendants may transmit payment electronically to the Commission, which will

12 provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be

13 made directly from a bank account via Pay.gov through the SEC website at

14 http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank

15 cashier's check, or United States postal money order payable to the Securities and Exchange

16 Commission, which shall be delivered or mailed to

17          Enterprise Services Center

18          Accounts Receivable Branch

19          6500 South MacArthur Boulevard

20          Oklahoma City, OK 73169

21 and shall be accompanied by a letter identifying the case title, civil action number, and name

22 of this Court; Payward Ventures, Inc. or Payward Trading, Ltd. as a defendant in this action;

23 and specifying that payment is made pursuant to this Final Judgment.

24          Defendants shall simultaneously transmit photocopies of evidence of payment and

25 case identifying information to the Commission's counsel in this action.  By making said

26 payments, Defendants relinquish all legal and equitable right, title, and interest in such funds

27 and no part of the funds shall be returned to Defendants.

28

1    The Commission may enforce the Court's judgment for disgorgement and

2  prejudgment interest by using all collection procedures authorized by law, including, but not

3  limited to, moving for civil contempt at any time after 30 days following entry of this Final

4  Judgment.

5    The Commission may enforce the Court's judgment for penalties by the use of all

6  collection procedures authorized by law, including the Federal Debt Collection Procedures

7  Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court

8  orders issued in this action.   Defendants shall pay post judgment interest on any amounts due

9  after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The

10  Commission shall hold the funds, together with any interest and income earned thereon

11  (collectively, the "Fund"), pending further order of the Court.

12    The Commission may propose a plan to distribute the Fund subject to the Court's

13  approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair

14  Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

15  jurisdiction over the administration of any distribution of the Fund and the Fund may only be

16  disbursed pursuant to an Order of the Court.

17    Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

18  paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

19  government for all purposes, including all tax purposes.  To preserve the deterrent effect of

20  the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory

21  damages in any Related Investor Action based on Defendants' payment of disgorgement in

22  this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction

23  of such compensatory damages award by the amount of any part of Defendants' payment of a

24  civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action

25  grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order

26  granting the Penalty Offset, notify the Commission's counsel in this action and pay the

27  amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

28  Commission directs.  Such a payment shall not be deemed an additional civil penalty and

[PROPOSED] FINAL JUDGMENT                4

1  shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For

2  purposes of this paragraph, a "Related Investor Action" means a private damages action

3  brought against any Defendant by or on behalf of one or more investors based on substantially

4  the same facts as alleged in the Complaint in this action.

5                                                                IV.

6          Defendants Payward Ventures and Payward Trading shall pay the total of

7  disgorgement, prejudgment interest, and civil penalties due of $30,000,000.00 in installments

8  to the Commission according to the following schedule:

9          (1) $5,000,000.00 within three (3) days of entry of this Final Judgment, representing a

10             portion of the disgorgement and prejudgment interest thereon for which both

11             Defendants are liable jointly and severally;

12         (2) $3,750,000 within 90 days of entry of this Final Judgment, representing a portion

13             of the disgorgement and prejudgment interest thereon for which both Defendants

14             are liable jointly and severally;

15         (3) $3,750,000 within 180 days of entry of this Final Judgment, representing a portion

16             of the disgorgement and prejudgment interest thereon for which both Defendants

17             are liable jointly and severally;

18         (4) $3,750,000.00 within 270 days of entry of this Final Judgment as follows:

19             a.  $2,550,000.00, representing a portion of the disgorgement and prejudgment

20                  interest thereon for which both Defendants are liable jointly and severally;

21             b.  $900,000.00 to be paid by Defendant Payward Ventures, representing a

22                  portion of the civil penalty owed by it;

23             c.  $300,000.00 to be paid by Defendant Payward Trading, representing a

24                  portion of the civil penalty owed by it;

25         (5) $13,750,000.00 within 365 days of entry of this Final Judgment as follows:

26             a.  $10,050,000 to be paid by Defendant Payward Ventures, representing a

27                  portion of the civil penalty owed by it; and

28

1          b.  $3,700,000 to be paid by Defendant Payward Trading, representing a

2            portion of the civil penalty owed by it.

3 Payments shall be deemed made on the date they are received by the Commission and shall be

4 applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any

5 unpaid amounts due after 30 days of the entry of Final Judgment.  Prior to making the final

6 payment set forth herein, Defendants Payward Ventures and Payward Trading shall contact

7 the staff of the Commission for the amount due for the final payment.

8      If Defendant Payward Ventures fails to make any payment by the date agreed and/or

9 in the amount agreed according to the schedule set forth above, all outstanding payments

10 owed by Defendant Payward Ventures under this Final Judgment, including post-judgment

11 interest, minus any payments made, shall become due and payable immediately at the

12 discretion of the staff of the Commission without further application to the Court.

13      If Defendant Payward Trading fails to make any payment by the date agreed and/or in

14 the amount agreed according to the schedule set forth above, all outstanding payments owed

15 by Defendant Payward Trading under this Final Judgment, including post-judgment interest,

16 minus any payments made, shall become due and payable immediately at the discretion of the

17 staff of the Commission without further application to the Court.

18                              V.

19      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that within 3 days after

20 being served with a copy of this Final Judgment, the law firm of WilmerHale shall transfer the

21 entire balance of any and all moneys received from Defendants Payward Ventures and

22 Payward Trading, or held for the benefit of Defendants Payward Ventures and Payward

23 Trading, to the Commission.  WilmerHale may transmit payment electronically to the

24 Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.

25 Payment may also be made directly from a bank account via Pay.gov through the SEC

26 website at http://www.sec.gov/about/offices/ofm.htm.  WilmerHale also may transfer these

27 funds by certified check, bank cashier's check, or United States postal money order payable to

28 the Securities and Exchange Commission, which shall be delivered or mailed to

[PROPOSED] FINAL JUDGMENT         6

Enterprise Services Center

Accounts Receivable Branch

6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name

of this Court; and specifying that payment is made pursuant to this Final Judgment.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents

executed by Defendants Payward Ventures and Payward Trading and filed with the Court, in

which Defendants, *inter alia*, consent to entry of this Final Judgment, are incorporated herein

with the same force and effect as if fully set forth herein, and that Defendants shall comply

with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall

retain jurisdiction of this matter for the purposes of enforcing the terms of this Final

Judgment.

Dated:  February 13, 2023

GRANTED

*Jacqueline Scott Corley*

Judge Jacqueline Scott Corley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

[PROPOSED] FINAL JUDGMENT                    7